UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X  For Online Publication Only
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
MICHAEL BOURGAL, FRANK H. FINKEL,
JOSEPH A. FERRARA, SR., MARC HERBST,
DENISE RICHARDSON, AND THOMAS CORBETT
as trustees and fiduciaries of the local 282
Welfare trust fund, the local 282 pension trust fund, the
Local 282 annuity trust fund, the local 282 job training
Trust fund, and the local 282 vacation and sick leave trust
Fund,

                              Plaintiffs,

                                                  **ORDER**
          v.                                              15-cv-4517 (JMA) (SIL)

BURTIS CONSTRUCTION CORP.,

                              Defendant.
-------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

       Plaintiffs are the trustees and fiduciaries of five employee benefit funds.  Plaintiffs filed this suit to recover unpaid contributions stemming from alleged breaches of two collective bargaining agreements ("CBAs").  The funds are third-party beneficiaries of these CBAs.  This suit seeks relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 2001, et seq., and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 et seq.

       Defendant appeared and defended this until March 2016, when defendant's counsel withdrew.  Magistrate Judge Locke warned defendant that, as a corporation, it needed a new attorney if it wished to continue to defend this action and that failure to obtain new counsel by May 2, 2016 could result in the Court striking defendant's answer and entering a default judgment against it.  Defendant has failed to retain a new attorney.

Plaintiffs have moved for default judgment. The Court grants plaintiffs' motion and awards plaintiffs $375,401.09 against defendant.

## A. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Here, defendant defaulted by not retaining a new attorney to defend this action. The allegations in the complaint are sufficient to establish that defendant violated the CBAs and ERISA and by failing to make required contributions to the Funds.

## B. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234. District courts may hold an inquest by affidavit without a hearing so long

as the court has "ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine, 109 F.3d at 111.

In support of their motion, plaintiffs submitted declarations and documentary evidence, including numerous audit reports. This proof establishes the damages detailed below to a reasonable certainty. The supporting declarations contain correct calculations and adequately explain plaintiffs' damages calculations. See Gesualdi v. Reid, No. 14-CV-4212, 2016 WL 4098554 (E.D.N.Y. July 29, 2016) (Spatt, J., adopting report and recommendation of Brown, M.J.) (calculating damages for default judgment); Gesualdi v. Pecgro Trucking, Inc., No. CV 14-6347, 2015 WL 5608149, at *7 (E.D.N.Y. Aug. 13, 2015) (report and recommendation) (calculating damages for default judgment based on audit reports), adopted by, 2015 WL 5608157 (E.D.N.Y. Sept. 23, 2015). The Court has awarded higher liquidated damages awards than the amounts requested in plaintiff's motion papers because the additional interest that has accrued since plaintiffs filed their motion entitles plaintiffs to higher liquidated damages awards.

Finally, with respect to attorney's fees, both the hourly rate sought by plaintiffs' counsel and the time spent are reasonable and supported by contemporaneous time records. See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147–48 (2d Cir. 1983).

Accordingly, the Court awards plaintiff the following:

(1) $192,735.61 in reported but underpaid contributions for the periods November 2014, April 2015, May 2015, June 2015, July 2015, August 2015, September 2015 and October 2015;

(2) $35,958.86 in interest, through July 1, 2016 on the reported but underpaid contributions for the periods November 2014, April 2015, May 2015, June 2015, July 2015, August 2015, September 2015 and October 2015;

(3) $18,342.72 in interest, from July 2, 2016 through today, on the reported but underpaid contributions for the periods November 2014, April 2015, May 2015, June 2015, July 2015, August 2015,

(4) $54,301.58 in liquidated damages for the reported but underpaid contributions for the periods November 2014, April 2015, May 2015, June 2015, July 2015, August 2015, September 2015 and October 2015;

(5) $2,221.42 in unpaid contributions as determined by audit #11-0901-R1;

(6) $693.39 in interest, through July 1, 2016, on the unpaid contributions for audit #11-0901-R1;

(7) $212.30 in interest, from July 2, 2016 through today, on the unpaid contributions for audit #11-0901-R1;

(8) $905.69 in liquidated damages for the unpaid contributions for audit #11-0901-R1;

(9) $8.42 in unpaid contributions as determined by audit #12-0893-R1;

(10) $31.87 in interest, through July 1, 2016, on the unpaid contributions for audit #12-0893-R1;

(11) $.80 in interest, from July 2, 2016 through today, on the unpaid contributions for audit #12-0893-R1;

(12) $32.67 in liquidated damages for unpaid contributions for audit #12-0893-R1;

(13) $937.85 in unpaid contributions as determined by audit #14-1049-A1;

(14) $483.28 in interest, through July 1, 2016, on the unpaid contributions for audit #14-1049-A1;

(15) $88.78 in interest, from July 2, 2016 through today, on the unpaid contribution for audit #14-1049-A1;

(16) $572.06 in liquidated damages for the unpaid contributions for audit #14-1049-A1;

4

(17) $19,120.53 in unpaid contributions as determined by audit #15-1036;

(18) $2,747.67 in interest, through July 1, 2016, on the unpaid contributions for audit #15-1036;

(19) $1,819.99 in interest, from July 2, 2016 through today, on the unpaid contributions for audit #15-1036;

(20) $5,664.10 in liquidated damages for unpaid contributions for audit #15-1036;

(21) $902.50 in audit fees for audit #14-1049-A1;

(22) $1,042.50 in audit fees for audit #15-1036;

(23) $36,576.50 in attorneys' fees and costs.

## C.  CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against defendant Burtis Construction Corp. in the amount of $375,401.09.

**SO ORDERED.**

Dated: January 11, 2017
Central Islip, New York

                              /s/     (JMA)
                         JOAN M. AZRACK
                         UNITED STATES DISTRICT JUDGE